## Commonwealth v. Fryling

158

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Donald A. Lewis*, for defendant.

KREISHER, P. J., February 24, 1960—This is a summary proceeding for an alleged violation of The Vehicle Code of April 29, 1959, P. L. 58. Defendant waived a hearing before a justice of the peace in accordance with the procedure permitted by the court, and the matter is now before the court for disposition.

A hearing was held in open court, the testimony has now been transcribed and filed and the facts may be briefly summarized as follows:

During the afternoon of the day in question, defendant took her husband's Plymouth Sedan to the Catawissa Garage where the husband had previously arranged to trade the Plymouth on a used Mercury Coupe for $750.

The car dealer at the garage filled out a Department of Revenue Form R. V. G.-12 (A) entitled "Temporary Registration Transfer Certificate", which indicated defendant's husband made application for transfer of his registration and license plates from the Plymouth Sedan to the Mercury Coupe.

The certificate was fully filled out giving the names and numbers of the cars in question and stated: "Said

application will be forwarded to Harrisburg within forty-eight (48) hours."

The Plymouth's plates were then placed on the Mercury Coupe and defendant drove it to her home at Danville R. D., and that evening defendant drove to Bloomsburg where she visited some friends on West Street. At approximately 11:30 she started home, and when she arrived at the intersection of West and Main Streets, while stopped for the traffic light, the car stalled.

The prosecuting officer at the time was just west of the intersection writing up another motorist for driving with improper headlights. The traffic lights changed and defendant was having difficulty getting the new car started so the cars to her rear began blowing their horns. The officer then proceeded east on Main Street some distance past West Street where he made a "U" turn and returned to West Street where he parked. He then walked over to defendant's car and asked her if she was having trouble and she explained the car was new and it had stalled, and she was having difficulty getting it started. The officer then volunteered to start the car and after sliding the seat back, he was successful in starting the car, and then he asked defendant to produce her cards. She gave him her operator's license and the temporary registration transfer certificate the car dealer gave her that afternoon. The officer testified she also showed him a registration card for a Plymouth Sedan, but this defendant denies, stating she did not have the card with her, and in this matter she is corroborated by the car dealer who testified the registration card to the Plymouth was attached to the papers at the garage and not in the possession of defendant.

The officer also testified that defendant told him

her husband's car was at the Catawissa Garage for repairs, and upon learning this, he told her the car she was driving was improperly registered, that she would have to park it and that she would be arrested for driving the car.

Defendant then parked her car, and after considerable difficulty contacted her husband who was forced to arouse their small child from bed and journey to Bloomsburg to take his wife home, as the officer left her stranded for reasons beyond our powers of comprehension.

The following day the officer arrested the car dealer for issuing an improper temporary registration certificate, which case is also before the court for disposition as the dealer waived a hearing before a justice of the peace as permitted by the code.

The information lodged against defendant driver alleges a violation of subsection (a), section 401, of The Vehicle Code of 1959, above mentioned, which reads as follows:

"(a) Except as is hereinafter provided, no motor vehicle, tractor, trailer or semi-trailer shall be operated upon any highway in this Commonwealth until such vehicle or tractor shall have been properly registered with the department, as hereinafter provided, and the registration plate or plates that have been issued for the vehicle or tractor for the current year are received and displayed as required by this act, and no such vehicle shall be registered until a certificate of title has been obtained therefor": 75 PS §401.

Subsection (f) of section 412 of the said code provides, inter alia, as follows:

"(f) . . .Temporary registration cards may be delivered to any notary public, magistrate or dealer, who shall have the authority to issue such temporary

registration cards to any person upon the transfer of ownership of a motor vehicle, trailer or semi-trailer . . .": 75 PS §412.

The first words of sub-section (*a*) of section 401, above quoted, distinctly states, "Except as hereinafter provided", and subsection (*f*) of section 412, above quoted, clearly sets forth the exception which in our opinion obviously exonerates this defendant.

The testimony in this case indicates the entire transaction was between defendant's husband and the car dealer, so that defendant wife was at most an innocent agent of her husband.

The testimony further discloses the transaction effected a transfer of ownership because defendant's husband had closed the deal prior to the day in question and had already made arrangements to borrow the $750 boot money at the Danville National Bank. It is true the transaction was rescinded the following day, but this action is amply explained as being brought about by this prosecution and by the fact that the Mercury failed to meet the implied warranty of merchantability because of its defective stalling and the difficulty in starting.

Therefore we certainly think defendant had the right to rely on the dealer's actions and assurances that she could drive the new car without incident, and that the officer's action in requiring defendant, who was alone at the time, to park her car at midnight while miles from home with no possible means of getting to her home was not warranted under the circumstances.

We would arrive at the same conclusion even if the facts were as the officer thought them to be, that defendant left her husband's car at the garage for repairs only, as even under those facts, we can see no

reasonable justification for stranding a lone women miles from her home in the dead of night for an alleged offense of this nature.

.We note in passing that this officer was accompanied by a brother officer, and that if he was of the opinion that this alleged offense was so grave as to require the parking of the automobile in the middle of the night, he could have at least volunteered to take defendant to her home since he had the protection of a brother officer in the police car at the time.

Therefore, without further comment, we enter the following:

*Order*

And now, to wit, February 24, 1960, we adjudge defendant not guilty, and the above captioned case is dismissed at the cost of the County of Columbia.